UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60668-XXXX

**ELENA ZHADANOVA,**

    Plaintiff,

v.

**WAL-MART STORES EAST, L.P.**

    Defendant.

_____/

**PLAINTIFF'S MOTION TO REMAND AND MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW**

Pursuant to 28 U.S.C. §1447 and Rule 7.01, Local Rules of the U.S. District Court for the Southern District of Florida, Plaintiff, Elena Zhadanova, by and through her undersigned counsel, files this Motion for Remand and Motion for Leave to Amend Plaintiff's Complaint and Memorandum of Law asking this Court for an Order remanding this case to the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, and as grounds states:

**FACTUAL BACKGROUND AND PROCEDURAL POSTURE**

1. On February 24, 2021, Plaintiff, Elena Zhadanova, filed her Complaint in the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida. The Complaint was properly served on all Defendants.

2. The Complaint names Wal-Mart Stores East, L.P. (hereinafter "Wal-Mart") and Unknown Store Manager of Wal-Mart Store 1996, Unknown First Assistant Manager of Wal-Mart Store 1996, Unknown Second Assistant Manager of Wal-Mart Store 1996, as Defendants. *see* Plaintiff's Complaint attached hereto as Exhibit A.

1

3. On February 26, 2021, the Defendants were served.

4. Defendant Wal-Mart filed the Notice of Removal on March 26, 2021. *See,* Defendant Wal-Mart's Notice of Removal attached hereto as Exhibit B.

5. Defendant's notice of removal and Petition for Removal with the United States District Court for the Southern District of Florida was filed improperly and incorrectly represents to the Court that there is complete diversity of citizenship between the parties.

6. Because removal stays discovery in state court, Plaintiff is not able to propound discovery requests and obtain the name of the three unknown store managers.

7. Since then, Plaintiff has discovered through its own work product that the First Assistant Store Manager that Plaintiff intended to include in the suit is Mark Gallimore.

### LEAVE TO AMEND COMPLAINT TO SPECIFICALLY NAME THE FIRST ASSISTANT STORE MANAGER, MARK GALLIMORE

8. First, Plaintiff moves this Honorable Court for leave to file an Amended Complaint naming the first assistant store manager. Plaintiff's proposed Amended Complaint is attached hereto as Exhibit C.

9. Both Plaintiff's initial Complaint and proposed Amended Complaint, on their face, state a negligence cause of action against Wal-Mart and a direct negligence action against the now known first store manager.

10. Plaintiff has been able to determine the first assistant store manager 1996 and seeks leave of Court to amend its Complaint now that his identity is known.

### MEMORANDUM OF LAW

Defendant's Notice of Removal asserts that this Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332, 1441 and 1446(b)(1). Specifically, 28 U.S.C. § 1332(a) provides that

a district court shall have original jurisdiction over parties who are citizens from different states when the amount in controversy exceeds $75,000.00.

## I. GENERAL LAW GOVERNING REMOVAL

It is well established that removal statutes are to be strictly construed against removal. *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) (holding that "removal statutes are construed narrowly when the parties dispute jurisdiction, uncertainties are resolved in favor of remand). The principle of strict construction of 28 U.S.C. §1441 is particularly applicable in cases involving diversity of citizenship. "[a]ll doubts about the propriety of removal should be resolved in favor of remand" *King v. Gov'T Emps. Ins. Co.,* 579 F.App'x 796, 800 (11th Cir. 2014) *Univ of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand[.]").

## II. THE FACE OF THE COMPLAINT ESTABLISHES THAT TEHRE IS NOT COMPLETE DIVERSITY OF THE PARTIES

Defendant, Wal-Mart has failed to meet its burden for Removal of the instant action. Plaintiff has clearly pleaded a cause of action against Wal-Mart employees, one of which has now been identified by Plaintiff and whose identity can easily be confirmed by Wal-Mart early in the discovery process. In Wal-Mart's Notice of Removal, it asserted that the citizenship of the unknown managers need not be considered by the Court. While it is true that when the Complaint was filed, the Plaintiff was unaware of any of the store managers' identities, this information could have been obtained through discovery. Nevertheless, Plaintiff has now identified one of the store managers as Mark Gallimore and with the Court's permission Plaintiff can amend the Complaint to specifically name him as one of the co-defendants. This amendment would clearly destroy complete diversity. Further, remand would allow Plaintiff an opportunity to discover the other

Defendants' names to be included in a future amendment. These other Defendants, along with Mark Gallimore, are believed to be residents of Broward County, Florida, to the extent they physically report to work at Wal-Mart Store #1996, located in Broward County, Florida.

This Court has addressed a similar issue just recently in *Angel v. Target Corporation, et al.*, Case No. 20-62701-CIV-ALTMAN/Hunt (S.D. Fla. Apr. 13, 2021). In *Angel,* Plaintiff named Jane Doe, store manager as Defendant. This District Court found it was appropriate to name the unknown Defendant in the amended complaint and remanded the case. As in *Angel* it is clear that Plaintiff has a direct negligence claim against first assistant manager, Mark Gallimore, and now that he has been identified, his non-diverse residency makes remanding the case back to State court the proper course of action.

## ALL DEFENDANTS HAVE NOT CONSENTED TO REMOVAL

Section 1446(a) of 28 U.S.C. requires that "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal." Furthermore, it is well-established that removal requires unanimity among defendants. *See, e.g., Chicago, E.I. &P. Ry. Co., Martin*, 178 U.S. 245, 247, 20 S.Ct. 854, 855 44Led. 1055 (1900). "If a suit arises under the Constitution or laws of the United States, or if it is a suit between citizens of different states, the defenfan, if there be but one, may remove, or the defendants, if there be more than one." *Id.*

Wal-Mart Stores East, L.P., has failed to establish consent among all of the Defendants in order to remove this matter, despite all of them having been properly served. Based on this reason alone, this matter should be remanded back to State Court.

## **CONCLUSION**

This cause should be remanded to State Court because the Notice of Removal does not clearly and unambiguously establish federal jurisdiction and fails to satisfy the complete diversity requirement of 28 U.S.C. 1332 (a)(1).

WHEREFORE, Plaintiff, Elena Zhadanova, respectfully requests that this Honorable Court grant this Motion for Leave to Amend Plaintiff's Complaint and Motion to Remand, to award payment of just costs and actual expenses, including attorney's fees, pursuant to 28 U.S.C. § 1447, and any such other additional relief that this Court deems just and proper.

## **SERVICE CERTIFICATION**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed and served via the Florida Court's E-Filing Portal to all of those subscribed therein for the above-referenced action on this 14th day of May, 2021.

> */s/ Ryan N. Chae*
> **Ryan N. Chae, Esquire**
> Florida Bar No. 117495
> **Mark S. Roher, Esquire – Of Counsel**
> Florida Bar No. 178098
> **RNC Legal**
> 2450 Hollywood Blvd.
> Suite 305
> Hollywood, FL 33020
> Telephone: (954) 417-7000
> Email – rchae@rnclegal.net
> *Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CV-60668-XXXX**

**ELENA ZHADANOVA,**

 Plaintiff,

v.

**WAL-MART STORES EAST, L.P.,**
**MARK GALLIMORE, INDIVIDUALLY,**
**UNKNOWN STORE MANAGER OF WAL-MART STORE 1996,**
**UNKNOWN SECOND ASSISTANT MANAGER OF WAL-MART STORE 1996.**

 Defendants.

_____/

**AMENDED COMPLAINT**

COMES NOW, PLAINTIFF, Elena Zhadanova, herein files this, her Complaint against Defendants, Wal-Mart Stores East, L.P., hereinafter referred to as Wal-Mart, Unknown Store Manager, Mark Gallimore, and Unknown Second Assistant Manager of Wal-Mart Store 1996 and alleges:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. The Plaintiff, Elena Zhadanova, is a resident of Broward County, Florida.

2. Defendant, Wal-Mart Stores East, L.P., hereinafter referred to as "Wal-Mart," is a foreign for-profit corporation and is authorized to do business in Broward County, FL, has numerous stores in Broward County, Florida and is otherwise subject to the jurisdiction of this Honorable Court.

3. Unknown Store Manager, Store Manager is an agent of Defendant, Wal-Mart and is subject to this Court's jurisdiction.

4. Mark Gallimore is an agent of Defendant, Wal-Mart, is believed to be a resident of Broward County, Florida, and is subject to this Court's jurisdiction.

5. Unknown Second Assistant Store Manager, Store Manager is an agent of Defendant, Wal-Mart and is subject to this Court's jurisdiction.

6. All the acts and/or omissions occurred in Broward County at one of Defendant's stores, more specifically Store #1996.

7. Venue and jurisdiction are vested in this Court in that the events giving rise to this action occurred within Broward County, State of Florida.

8. The Circuit Court has personal and subject matter jurisdiction. This action exceeds $30,000.00.

## COUNT I
## NEGLIGENCE OF DEFENDANT WAL-MART

9. Plaintiff, Elena Zhadanova, incorporates by reference all of the allegations and statements contained in Paragraphs One (1) through Eight (8) of her Complaint as though fully set forth herein.

10. On or about July 8, 2018, the Plaintiff, Elena Zhadanova was a lawful patron and business invitee of Defendant, Wal-Mart, Store # 1996 located in Broward County, Florida.

11. While proceeding to the cash registers at the front of the store, Plaintiff slipped on some slippery substance, which caused her to fall and incur severe bodily injury.

12. At all times, Plaintiff was acting with reasonable due care, while walking towards the checkout area.

13. As a result of the presence of the slippery substance on the floor at Wal-Mart's Store #1996, the floor was not maintained in a reasonably safe condition.

14. The Defendant knew or by using ordinary and reasonable care could have known of this condition. Ordinary care is inclusive of, but not limited to:

    (a) Providing a slip resistant floor;

    (b) Having Defendant's employees or agents of the store visually inspect the floors on a timely basis in conformity with industry standards;

    (c) Having Defendant's employees or agents of the store physically sweep the floors on a timely basis in conformity with known standards and remove any slippery substance from the floor; and/or

    (d) Provide warning signs when and where slip and fall hazards exist on the floor.

15. The Defendant failed to use ordinary care to (1) avoid creating the aforesaid condition, (2) remove aforesaid condition once it was created, (3) failed to barricade it, and/or (4) failed to warn the Plaintiff of the aforesaid condition, constituting a breach of duty owed to patrons and Plaintiff alike.

16. Defendant, Wal-Mart, has a non-delegable duty to keep the premises in a reasonably safe condition so that its patrons and members of the general public will not be injured.

17. Defendant, Wal-Mart, their agents, servants and employees knew or by using ordinary care, should have known of the defective, dangerous and/or hazardous condition set forth above.

18. As a direct and proximate result of the acts and omissions of Defendant, as herein alleged, the Plaintiff, Elena Zhadanova, was injured and damaged, to wit: the Plaintiff, Elena Zhadanova, suffered injuries to her body including, but not limited to, her back

and neck, some or all of which such injuries are permanent in nature; the Plaintiff has suffered and will in the future suffer severe pain, mental anguish, disfigurement and disability; she has incurred and will in the future incur medical expenses for the treatment and care of her aforesaid injuries.

19. Defendant was negligent in allowing a hazardous condition to exist that caused Plaintiff's injuries.

20. Plaintiff continues to suffer personal and pecuniary losses as a result of Defendant's negligent conduct.

WHEREFORE, Plaintiff, Elena Zhadanova, prays for judgment against the Defendant, Wal-Mart, for such damages as are fair and reasonable, together with costs herein incurred and expended, and for any such further and additional relief as this Honorable Court deems just and proper.

## COUNT II
## NEGLIGENCE OF DEFENDANT, UNKNOWN STORE MANAGER OF WAL-MART STORE NO. 1996

21. Plaintiff, Elena Zhadanova, incorporates by reference all of the allegations and statements contained in Paragraphs One (1) through Eight (8) of her Complaint as though fully set forth herein.

22. On or about July 8, 2018, the Plaintiff, Elena Zhadanova was a lawful patron and business invitee of Defendant, Wal-Mart, Store # 1996 located in Broward County, Florida.

23. While proceeding to the cash registers at the front of the store, Plaintiff slipped on some slippery substance, which caused her to fall and incur severe bodily injury.

24. At all times, Plaintiff was acting with reasonable care while walking towards the checkout area.

25. Defendant, Unknown Store Manager of Walmart Store 1996, is an employee of Defendant, Wal-Mart.

26. Defendant, Unknown Store Manager of Walmart Store 1996 was on duty and managing the store at the date and time that Plaintiff slipped and fell at Wal-Mart Store 1996.

27. Defendant, Unknown Store Manager of Wal-Mart Store 1996, has and had a duty to all business invitees to ensure that the premises of Wal-Mart are free from any foreign items, defects, slippery substance or anything else that jeopardizes or may jeopardize the safety of its business invitees.

28. Defendant, Unknown Store Manager of Walmart Store 1996, was negligent in his/her duties as he/she allowed the presence of the slippery substance to come into contact with and remain on the floor of the store when Defendant, Unknown Store Manager of Walmart Store 1996 knew or should have known, that the slippery substance created an unreasonable risk of harm to customers in the store.

29. On or about July 8, 2018, Defendant, Unknown Store Manager of Walmart Store 1996 was negligent by failing to warn Plaintiff of the danger presented by the premises as he/she allowed the presence of the slippery substance at said store to exist.

30. The Defendant, Unknown Store Manager of Walmart Store 1996, knew or by using ordinary care could have known of this condition. Ordinary care is inclusive of but not limited to:

    (a) Providing a slip resistant floor;

    (b) Having Defendant's employees or agents of the store visually inspect the floors on a timely basis in conformity with industry standards;

    (c) Having Defendant's employees or agents of the store physically sweep the floors on a timely basis in conformity with known standards and remove any slippery substance from the floor; and/or

    (d) Provide warning signs when and where slip and fall hazards exist on the floor.

31. The Defendant failed to use ordinary care to (1) avoid creating the aforesaid condition, (2) remove aforesaid condition once it was created, (3) failed to barricade it, and/or (4) failed to warn the Plaintiff of the aforesaid condition, constituting a breach of duty owed to patrons and Plaintiff alike.

32. Defendant, Unknown Store Manager of Walmart Store 1996, has a non-delegable duty to keep the premises in a reasonably safe condition so that its patrons, members of the general public will not be injured.

33. Defendant, Unknown Store Manager of Walmart Store 1996, their agents, servants and employees knew or by using ordinary care, should have known of the defective, dangerous and/or hazardous condition set forth above.

34. As a direct and proximate result of the acts and omissions of Defendant, Unknown Store Manager of Walmart Store 1996, as herein alleged, the Plaintiff, Elena Zhadanova, was injured and damaged, to wit: the Plaintiff, Elena Zhadanova, suffered injuries to her body including, but not limited to, her back and neck, some or all of which such injuries are permanent in nature; the Plaintiff has suffered and will in the future suffer severe pain, mental anguish, disfigurement and disability; she has incurred

and will in the future incur medical expenses for the treatment and care his aforesaid injuries.

35. Defendant, Unknown Store Manager of Walmart Store 1996, was negligent in allowing a hazardous condition to exist that caused Plaintiff's injuries.

36. Plaintiff continues to suffer personal and pecuniary losses as a result of Defendant, Unknown Store Manager of Walmart Store 1996, negligent conduct.

WHEREFORE, Plaintiff, Elena Zhadanova prays for judgment against the Defendant, Unknown Store Manager of Walmart Store 1996, for such damages as are fair and reasonable together with costs herein incurred and expended, and for any such further and additional relief as this Honorable Court deems just and proper.

## COUNT III
## NEGLIGENCE OF DEFENDANT, MARK GALLIMORE

37. Plaintiff, Elena Zhadanova, incorporates by reference all of the allegations and statements contained in Paragraphs One (1) through Eight (8) of her Complaint as though fully set forth herein.

38. On or about July 8, 2018, the Plaintiff, Elena Zhadanova was a lawful patron of Defendant, Wal-Mart, Store # 1996 located in Broward County, Florida.

39. Plaintiff, Elena Zhadanova was a business invitee of the Defendant, Wal-Mart.

40. While proceeding to the cash registers at the front of the store, the Plaintiff, Elena Zhadanova, slipped on some slippery substance, which caused her to fall and incur severe bodily injury.

41. At all times, the Plaintiff was acting with due care, walking in a normal manner as expected under the conditions.

42. Defendant, Mark Gallimore, is an employee of Defendant, Wal-Mart.

43. Defendant, Mark Gallimore, was on duty and managing the store at the date and time that Plaintiff slipped and fell at Wal-Mart Store 1996.

44. Defendant, Mark Gallimore, has and had a duty to all business invitees to ensure that the premises of Wal-Mart are free from any foreign items, defects, slippery substance or anything else that jeopardizes or may jeopardize the safety of its business invitees.

45. Defendant, Mark Gallimore, was negligent in his/her duties as he allowed the presence of the slippery substance to come into contact with and remain on the floor of the store when Defendant, Mark Gallimore, knew or should have known, that the slippery substance created an unreasonable risk of harm to customers in the store.

46. On or about July 8, 2018, Defendant, Mark Gallimore, was negligent by failing to warn Plaintiff of the danger presented by the premises as he/she allowed the presence of the slippery substance at said store to exist.

47. The Defendant, Mark Gallimore, knew or by using ordinary care could have known of this condition. Ordinary care is inclusive of but not limited to:

    (a) Providing a slip resistant floor;

    (b) Having Mark Gallimore's employees or agents of the store to visually inspect the floors on a timely basis in conformity with industry standards;

    (c) Having Defendant's employees or agents of the store physically sweep the floors on a timely basis in conformity with known standards and remove any slippery substance from the floor; and/or

    (d) Provide warning signs when and where slip and fall hazards exist on the floor.

48. The Defendant, Mark Gallimore, failed to use ordinary care to (1) avoid creating the aforesaid condition, (2) remove aforesaid condition once it was created, (3) failed to

barricade it, and/or (4) failed to warn the Plaintiff of the aforesaid condition, constituting a breach of duty owed to patrons and Plaintiff alike.

49. Defendant, Mark Gallimore, has a non-delegable duty to keep the premises under his supervision in a reasonably safe condition so that its patrons, members of the general public will not be injured.

50. Defendant, Mark Gallimore, his agents, servants and employees knew or by using ordinary care, should have known of the defective, dangerous and/or hazardous condition set forth above.

51. As a direct and proximate result of the acts and omissions of Defendant, Mark Gallimore, the Plaintiff, Elena Zhadanova, was injured and damaged, to wit: the Plaintiff, Elena Zhadanova, suffered injuries to her body including, but not limited to, her back and neck, some or all of which such injuries are permanent in nature; the Plaintiff has suffered and will in the future suffer severe pain, mental anguish, disfigurement and disability; she has incurred and will in the future incur medical expenses for the treatment and care his aforesaid injuries.

52. Defendant, Mark Gallimore, was negligent in allowing a hazardous condition to exist that caused Plaintiff's injuries.

53. Plaintiff continues to suffer personal and pecuniary losses as a result of Defendant, Mark Gallimore's negligent conduct.

WHEREFORE, Plaintiff, Elena Zhadanova prays for judgment against the Defendant, Mark Gallimore, 1996 for such damages as are fair and reasonable together with costs herein incurred and expended, and for any such further and additional relief as this Honorable Court deems just and proper.

**COUNT IV**
**NEGLIGENCE OF DEFENDANT, UNKNOWN SECOND ASSISTANT STORE MANAGER OF WAL-MART STORE NO. 1996**

54. Plaintiff, Elena Zhadanova, incorporates by reference all of the allegations and statements contained in Paragraphs One (1) through Eight (8) of her Complaint as though fully set forth herein.

55. On or about July 8, 2018, the Plaintiff, Elena Zhadanova was a lawful patron of Defendant, Wal-Mart, Store # 1996 located in Broward County, Florida.

56. Plaintiff, Elena Zhadanova was a business invitee of the Defendant, Wal-Mart.

57. While proceeding to the cash registers at the front of the store, the Plaintiff, Elena Zhadanova, slipped on some slippery substance, which caused her to fall and incur severe bodily injury.

58. At all times, the Plaintiff was acting with due care, walking in a normal manner as expected under the conditions.

59. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, is an employee of Defendant, Wal-Mart.

60. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996 was on duty and managing the store at the date and time that Plaintiff slipped and fell at Wal-Mart Store 1996.

61. Defendant, Unknown Second Assistant Store Manager of Wal-Mart Store 1996, has and had a duty to all business invitees to ensure that the premises of Wal-Mart are free

from any foreign items, defects, slippery substance or anything else that jeopardizes or may jeopardize the safety of its business invitees.

62. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996 was negligent in his/her duties as he allowed the presence of the slippery substance to come into contact with and remain on the floor of the store when Defendant, Unknown Store Manager of Walmart Store 1996 knew or should have known, that the slippery substance created an unreasonable risk of harm to customers in the store.

63. On or about July 8, 2018, Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996 was negligent by failing to warn Plaintiff of the danger presented by the premises as he allowed the presence of the slippery substance at said store to exist.

64. The Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, knew or by using ordinary care could have known of this condition. Ordinary care is inclusive of but not limited to:

    (a) Providing a slip resistant floor;

    (b) Having Defendant's employees or agents of the store to visually inspect the floors on a timely basis in conformity with industry standards;

    (c) Having Defendant's employees or agents of the store physically sweep the floors on a timely basis in conformity with known standards and remove any slippery substance from the floor; and/or

    (d) Provide warning signs when and where slip and fall hazards exist on the floor.

65. The Defendant failed to use ordinary care to (1) avoid creating the aforesaid condition, (2) remove aforesaid condition once it was created, (3) failed to barricade it, and/or (4)

failed to warn the Plaintiff of the aforesaid condition, constituting a breach of duty owed to patrons and Plaintiff alike.

66. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, has a non-delegable duty to keep the premises in a reasonably safe condition so that its patrons, members of the general public will not be injured.

67. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, their agents, servants and employees knew or by using ordinary care, should have known of the defective, dangerous and/or hazardous condition set forth above.

68. As a direct and proximate result of the acts and omissions of Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, as herein alleged, the Plaintiff, Elena Zhadanova, was injured and damaged, to wit: the Plaintiff, Elena Zhadanova, suffered injuries to her body including, but not limited to, her back and neck, some or all of which such injuries are permanent in nature; the Plaintiff has suffered and will in the future suffer severe pain, mental anguish, disfigurement and disability; she has incurred and will in the future incur medical expenses for the treatment and care his aforesaid injuries.

69. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, was negligent in allowing a hazardous condition to exist that caused Plaintiff's injuries.

70. Plaintiff continues to suffer personal and pecuniary losses as a result of Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996's negligent conduct.

WHEREFORE, Plaintiff, Elena Zhadanova prays for judgment against the Defendant, Unknown Second Assistant Store Manager of Walmart Store, 1996 for such damages as are fair

and reasonable together with costs herein incurred and expended, and for any such further and additional relief as this Honorable Court deems just and proper.

## **DEMAND FOR TRIAL**

Plaintiff demands jury trial on all issues so triable.

Respectfully submitted on May 14, 2021.

*/s/ Ryan N. Chae*
**Ryan N. Chae, Esquire**
Florida Bar No. 117495
**Mark S. Roher, Esquire – Of Counsel**
Florida Bar No. 178098
**RNC Legal**
2450 Hollywood Blvd.
Suite 305
Hollywood, FL 33020
T (954) 417.7000
F (954) 998.4505
Email − rchae@rnclegal.net
*Counsel for Plaintiff*
