UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60668-XXXX

**ELENA ZHADANOVA,**

    Plaintiff,

v.

**WAL-MART STORES EAST, L.P.**

    Defendant.

_____/

**PLAINTIFF'S SECOND AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Rules Fed. R. Civ. P. 18(a) and 7.01, and 15.1 of the Local Rules of the U.S. District Court for the Southern District of Florida, Plaintiff, Elena Zhadanova, by and through her undersigned counsel, files this Second Amended Motion for Leave to Amend her Complaint, and states further in support thereof:

**FACTUAL BACKGROUND AND PROCEDURAL POSTURE**

1. On February 24, 2021, Plaintiff, Elena Zhadanova, filed her Complaint in the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida. The Complaint was properly served on all Defendants.

2. The Complaint names Wal-Mart Stores East, L.P. (hereinafter "Wal-Mart") and Unknown Store Manager of Wal-Mart Store 1996, Unknown First Assistant Manager of Wal-Mart Store 1996, Unknown Second Assistant Manager of Wal-Mart Store 1996, as Defendants.

3. At the time that Plaintiff's Complaint was filed in State Court, the individual names of the Defendants other than Wal-Mart Store 1996 were unknown.

1

4. In its Initial Disclosures, Defendant Wal-Mart provided the name of one of the Assistant Managers, which was referenced as Unknown Assistant Manager No. 1 and who was working on the date of the incident at Defendant's Store No. 1996 that was mentioned in the complaint.

5. Defendant Wal-Mart provided the name of Maritza Cox as member of the management team that was present on the date of the incident that is the subject of this action. Ms. Cox is a resident the State of Florida.

## **MEMORANDUM OF LAW**

Plaintiff moves this Honorable Court for leave to file an Amended Complaint replacing Unknown First Assistant Manager with Maritza Cox. Plaintiff's proposed Amended Complaint is attached hereto as Exhibit A, pursuant to Local Rule 15.1. Fed. Civ. P. 18(a) states in pertinent part that "[a] party asserting a claim, counterclaim, crossclaim or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Plaintiff's Motion is being brought forth pursuant to Local Rule 7.1.

Leave of court is required for a party to amend his pleading if twenty-one (21) days have passed after the service of the pleading, Fed. R. Civ. P. 15(a)(1). The court in *Bloodworth v. U.S.*, 632 Fed. Appx. 975 (11th Cir. 2015) in reviewing the denial of a motion to amend complaint for abuse of discretion held:

> A party may amend his pleading as a matter of course within 21 days of service of the pleading or 21 days after the service of a responsive pleading or motion to dismiss under Federal Rule of Civil Procedure 12(b), (e), or (f). Fed R. Civ. P. 15(a)(1). Otherwise, a party may only amend the pleading with the opposing party's written consent or leave from the court. Fed. R. Civ. P. 15(a)(2). ***Leave to amend should be freely granted when justice so requires.*** *Id*. A district court may decline leave to amend a complaint on the basis of futility when the complaint is subject to dismissal as amended. Burger King

> Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999).  A district court may also decline leave to amend a complaint on the basis of futility if the newly-asserted claims would be barred by the applicable statute of limitations.  Moore v. Baker, 989 F. 3d 1129, 1131 (11th Cir. 1993). ***Emphasis Supplied***

In the case at bar, Plaintiff is just requesting to add the name of one of the defendants that was unknown at the time.  Plaintiff's action is not close to being barred by any statute of limitation nor is the amended complaint futile.

A copy of the proposed Amended Complaint is attached as Exhibit A.  Because Plaintiff has legitimate viable causes against the now known assistant manager, the interest of justice requires Plaintiff to amend her complaint.

Whether to grant leave to amend is within the sound discretion of the trial court.  In *Hester v. International Union of Operating Engineers, AFL-CIO*, 941 F. 2d 1574 (11th Cir. 1991), the court in its discussion in addressing whether the trial court abused its discretion in denying the motion for leave to amend the court held:

> The determination of whether to grant leave to amend the complaint after responsive pleading have been filed is within the sound discretion of the trial court.  *Shipner v. Eastern Air Lines Inc.*, 868 F. 2d 401, 406 (11th Cir. 1989).  The rules of civil procedure restrict that discretion, however, by directing that leave to amend shall be freely given when justice so requires. Fed R. Civ. P. 15(a); *Shipner*, 862 f. 2d at 407.  Thus, in the absence of any apparent reason, leave to amend should be granted.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Shipner*, 868 F. 2d at 407.

In the event that an issue is made as to the amount of time in bringing forth this motion, the court in Hester, 941 F. 2d 1574 (11th Cir. 1991) also held that:

> Although generally, the mere passage of time, without more, is an insufficient *1579 reason to deny leave to amend a complaint.  *Floyd v. Eastern Airlines, Inc.*, 872 F. 2d 1462, 1490 (11th Cir. 1989) (citations omitted), *rev'd* on other grounds, 499 U.S. 530, 111 S. Ct.

3

1489, 113 L.Ed. 2d 569 (1991), undue delay may clearly support such denial. *Foman* 371 U.S. at 182, 83 S. Ct. at 230. Given the long history of this case, and the opportunities for Hester to attempt to cure the deficiencies in the complaint, Hester's proposed amendment was clearly untimely; the district court did not abuse its discretion by refusing to allow it.

## CONCLUSION

In the instant case, the facts do not support a denial of the motion to amend. During the initial disclosures, the name of one of the unknown defendants was revealed. Plaintiff had filed a previous motion to amend and remand, which may have been deficient and is now submitting this motion to amend.

WHEREFORE, Plaintiff, Elena Zhadanova, respectfully requests that this Honorable Court grant this Motion for Leave to Amend Plaintiff's Complaint and any such other additional relief that this Court deems just and proper.

## SERVICE CERTIFICATION

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed and served via the Florida Court's E-Filing Portal to all of those subscribed therein for the above-referenced action on this 10th day of February, 2022.

*/s/ Ryan N. Chae*_____
**Ryan N. Chae, Esquire**
Florida Bar No. 117495
**RNC Legal**
2450 Hollywood Blvd.
Suite 305
Hollywood, FL 33020
Telephone: (954) 417-7000
Email – rchae@rnclegal.net
*Counsel for Plaintiff*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CV-60668-XXXX**

**ELENA ZHADANOVA,**

   Plaintiff,

v.

**WAL-MART STORES EAST, L.P.,**
**MARITZA COX, INDIVIDUALLY,**
**UNKNOWN STORE MANAGER OF WAL-MART STORE 1996,**
**UNKNOWN SECOND ASSISTANT MANAGER OF WAL-MART**
**STORE 1996.**

   Defendants.

_____/

**AMENDED COMPLAINT**

COMES NOW, PLAINTIFF, Elena Zhadanova, herein files this, her Complaint against Defendants, Wal-Mart Stores East, L.P., hereinafter referred to as Wal-Mart, Unknown Store Manager, Maritza Cox, individually and Unknown Second Assistant Manager of Wal-Mart Store 1996 and alleges:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. The Plaintiff, Elena Zhadanova, is a resident of Broward County, Florida.

2. Defendant, Wal-Mart Stores East, L.P., hereinafter referred to as "Wal-Mart," is a foreign for-profit corporation and is authorized to do business in Broward County, FL, has numerous stores in Broward County, Florida and is otherwise subject to the jurisdiction of this Honorable Court.

3. Unknown Store Manager, Store Manager is an agent of Defendant, Wal-Mart and is subject to this Court's jurisdiction.

4. Maritza Cox is an agent of Defendant, Wal-Mart, is believed to be a resident of Miami-Dade County, Florida, and is subject to this Court's jurisdiction.

5. Maritza Cox was at the time and place related to this action was working at Defendant, Wal-Mart Store No. 1996.

6. Unknown Second Assistant Store Manager, Store Manager is an agent of Defendant, Wal-Mart and is subject to this Court's jurisdiction.

7. All the acts and/or omissions occurred in Broward County at one of Defendant's stores, more specifically Store #1996.

8. Venue and jurisdiction are vested in this Court in that the events giving rise to this action occurred within Broward County, State of Florida.

9. The Circuit Court has personal and subject matter jurisdiction. This action exceeds $30,000.00.

## COUNT I
## NEGLIGENCE OF DEFENDANT WAL-MART

10. Plaintiff, Elena Zhadanova, incorporates by reference all of the allegations and statements contained in Paragraphs One (1) through Eight (8) of her Complaint as though fully set forth herein.

11. On or about July 8, 2018, the Plaintiff, Elena Zhadanova was a lawful patron and business invitee of Defendant, Wal-Mart, Store # 1996 located in Broward County, Florida.

12. While proceeding to the cash registers at the front of the store, Plaintiff slipped on some slippery substance, which caused her to fall and incur severe bodily injury.

13. At all times, Plaintiff was acting with reasonable due care, while walking towards the checkout area.

14. As a result of the presence of the slippery substance on the floor at Wal-Mart's Store #1996, the floor was not maintained in a reasonably safe condition.

15. The Defendant knew or by using ordinary and reasonable care could have known of this condition. Ordinary care is inclusive of, but not limited to:

    (a) Providing a slip resistant floor;

    (b) Having Defendant's employees or agents of the store visually inspect the floors on a timely basis in conformity with industry standards;

    (c) Having Defendant's employees or agents of the store physically sweep the floors on a timely basis in conformity with known standards and remove any slippery substance from the floor; and/or

    (d) Provide warning signs when and where slip and fall hazards exist on the floor.

16. The Defendant failed to use ordinary care to (1) avoid creating the aforesaid condition, (2) remove aforesaid condition once it was created, (3) failed to barricade it, and/or (4) failed to warn the Plaintiff of the aforesaid condition, constituting a breach of duty owed to patrons and Plaintiff alike.

17. Defendant, Wal-Mart, has a non-delegable duty to keep the premises in a reasonably safe condition so that its patrons and members of the general public will not be injured.

18. Defendant, Wal-Mart, their agents, servants and employees knew or by using ordinary care, should have known of the defective, dangerous and/or hazardous condition set forth above.

19. As a direct and proximate result of the acts and omissions of Defendant, as herein alleged, the Plaintiff, Elena Zhadanova, was injured and damaged, to wit: the Plaintiff, Elena Zhadanova, suffered injuries to her body including, but not limited to, her back and neck, some or all of which such injuries are permanent in nature; the Plaintiff has suffered and will in the future suffer severe pain, mental anguish, disfigurement and disability; she has incurred and will in the future incur medical expenses for the treatment and care of her aforesaid injuries.

20. Defendant was negligent in allowing a hazardous condition to exist that caused Plaintiff's injuries.

21. Plaintiff continues to suffer personal and pecuniary losses as a result of Defendant's negligent conduct.

WHEREFORE, Plaintiff, Elena Zhadanova, prays for judgment against the Defendant, Wal-Mart, for such damages as are fair and reasonable, together with costs herein incurred and expended, and for any such further and additional relief as this Honorable Court deems just and proper.

## COUNT II
## NEGLIGENCE OF DEFENDANT, UNKNOWN STORE MANAGER OF WAL-MART STORE NO. 1996

22. Plaintiff, Elena Zhadanova, incorporates by reference all of the allegations and statements contained in Paragraphs One (1) through Eight (8) of her Complaint as though fully set forth herein.

23. On or about July 8, 2018, the Plaintiff, Elena Zhadanova was a lawful patron and business invitee of Defendant, Wal-Mart, Store # 1996 located in Broward County, Florida.

24. While proceeding to the cash registers at the front of the store, Plaintiff slipped on some slippery substance, which caused her to fall and incur severe bodily injury.

25. At all times, Plaintiff was acting with reasonable care while walking towards the checkout area.

26. Defendant, Unknown Store Manager of Walmart Store 1996, is an employee of Defendant, Wal-Mart.

27. Defendant, Unknown Store Manager of Walmart Store 1996 was on duty and managing the store at the date and time that Plaintiff slipped and fell at Wal-Mart Store 1996.

28. Defendant, Unknown Store Manager of Wal-Mart Store 1996, has and had a duty to all business invitees to ensure that the premises of Wal-Mart are free from any foreign items, defects, slippery substance or anything else that jeopardizes or may jeopardize the safety of its business invitees.

29. Defendant, Unknown Store Manager of Walmart Store 1996, was negligent in his/her duties as he/she allowed the presence of the slippery substance to come into contact with and remain on the floor of the store when Defendant, Unknown Store Manager of Walmart Store 1996 knew or should have known, that the slippery substance created an unreasonable risk of harm to customers in the store.

30. On or about July 8, 2018, Defendant, Unknown Store Manager of Walmart Store 1996 was negligent by failing to warn Plaintiff of the danger presented by the premises as he/she allowed the presence of the slippery substance at said store to exist.

31. The Defendant, Unknown Store Manager of Walmart Store 1996, knew or by using ordinary care could have known of this condition. Ordinary care is inclusive of but not limited to:

    (a) Providing a slip resistant floor;

    (b) Having Defendant's employees or agents of the store visually inspect the floors on a timely basis in conformity with industry standards;

    (c) Having Defendant's employees or agents of the store physically sweep the floors on a timely basis in conformity with known standards and remove any slippery substance from the floor; and/or

    (d) Provide warning signs when and where slip and fall hazards exist on the floor.

32. The Defendant failed to use ordinary care to (1) avoid creating the aforesaid condition, (2) remove aforesaid condition once it was created, (3) failed to barricade it, and/or (4) failed to warn the Plaintiff of the aforesaid condition, constituting a breach of duty owed to patrons and Plaintiff alike.

33. Defendant, Unknown Store Manager of Walmart Store 1996, has a non-delegable duty to keep the premises in a reasonably safe condition so that its patrons, members of the general public will not be injured.

34. Defendant, Unknown Store Manager of Walmart Store 1996, their agents, servants and employees knew or by using ordinary care, should have known of the defective, dangerous and/or hazardous condition set forth above.

35. As a direct and proximate result of the acts and omissions of Defendant, Unknown Store Manager of Walmart Store 1996, as herein alleged, the Plaintiff, Elena Zhadanova, was injured and damaged, to wit: the Plaintiff, Elena Zhadanova, suffered

injuries to her body including, but not limited to, her back and neck, some or all of which such injuries are permanent in nature; the Plaintiff has suffered and will in the future suffer severe pain, mental anguish, disfigurement and disability; she has incurred and will in the future incur medical expenses for the treatment and care his aforesaid injuries.

36. Defendant, Unknown Store Manager of Walmart Store 1996, was negligent in allowing a hazardous condition to exist that caused Plaintiff's injuries.

37. Plaintiff continues to suffer personal and pecuniary losses as a result of Defendant, Unknown Store Manager of Walmart Store 1996, negligent conduct.

WHEREFORE, Plaintiff, Elena Zhadanova prays for judgment against the Defendant, Unknown Store Manager of Walmart Store 1996, for such damages as are fair and reasonable together with costs herein incurred and expended, and for any such further and additional relief as this Honorable Court deems just and proper.

## COUNT III
## NEGLIGENCE OF DEFENDANT, MARITZA COX

38. Plaintiff, Elena Zhadanova, incorporates by reference all of the allegations and statements contained in Paragraphs One (1) through Eight (8) of her Complaint as though fully set forth herein.

39. On or about July 8, 2018, the Plaintiff, Elena Zhadanova was a lawful patron of Defendant, Wal-Mart, Store # 1996 located in Broward County, Florida.

40. Plaintiff, Elena Zhadanova was a business invitee of the Defendant, Wal-Mart.

41. While proceeding to the cash registers at the front of the store, the Plaintiff, Elena Zhadanova, slipped on some slippery substance, which caused her to fall and incur severe bodily injury.

42. At all times, the Plaintiff was acting with due care, walking in a normal manner as expected under the conditions.

43. Defendant, Maritza Cox, is an employee of Defendant, Wal-Mart.

44. Defendant, Maritza Cox, was on duty and a member of the management team that was managing the store at the date and time that Plaintiff slipped and fell at Wal-Mart Store 1996.

45. Defendant, Maritza Cox, has and had a duty to all business invitees to ensure that the premises of Wal-Mart are free from any foreign items, defects, slippery substance or anything else that jeopardizes or may jeopardize the safety of its business invitees.

46. Defendant, Maritza Cox, was negligent in her duties as she allowed the presence of a slippery substance to come into contact with and remain on the floor of the store when Defendant, Maritza Cox, knew or should have known, that the slippery substance created an unreasonable risk of harm to customers in the store.

47. On or about July 8, 2018, Defendant, Maritza Cox, was negligent by failing to warn Plaintiff of the danger presented by the premises as she allowed the presence of the slippery substance at said store to exist.

48. The Defendant, Maritza Cox, knew or by using ordinary care could have known of this condition.  Ordinary care is inclusive of but not limited to:
    (a) Providing a slip resistant floor;

(b) Having Maritza Cox's employees or agents of the store to visually inspect the floors on a timely basis in conformity with industry standards;

(c) Having Defendant's employees or agents of the store physically sweep the floors on a timely basis in conformity with known standards and remove any slippery substance from the floor; and/or

(d) Provide warning signs when and where slip and fall hazards exist on the floor.

49. The Defendant, Maritza Cox, failed to use ordinary care to (1) avoid creating the aforesaid condition, (2) remove aforesaid condition once it was created, (3) failed to barricade it, and/or (4) failed to warn the Plaintiff of the aforesaid condition, constituting a breach of duty owed to patrons and Plaintiff alike.

50. Defendant, Maritza Cox, has a non-delegable duty to keep the premises under her supervision in a reasonably safe condition so that its patrons, members of the general public will not be injured.

51. Defendant, Maritza Cox, her agents, servants and employees knew or by using ordinary care, should have known of the defective, dangerous and/or hazardous condition set forth above.

52. As a direct and proximate result of the acts and omissions of Defendant, Maritza Cox, the Plaintiff, Elena Zhadanova, was injured and damaged, to wit: the Plaintiff, Elena Zhadanova, suffered injuries to her body including, but not limited to, her back and neck, some or all of which such injuries are permanent in nature; the Plaintiff has suffered and will in the future suffer severe pain, mental anguish, disfigurement and disability; she has incurred and will in the future incur medical expenses for the treatment and care his aforesaid injuries.

53. Defendant, Maritza Cox, was negligent in allowing a hazardous condition to exist that caused Plaintiff's injuries.

54. Plaintiff continues to suffer personal and pecuniary losses as a result of Defendant, Maritza Cox's negligent conduct.

WHEREFORE, Plaintiff, Elena Zhadanova prays for judgment against the Defendant, Maritza Cox, 1996 for such damages as are fair and reasonable together with costs herein incurred and expended, and for any such further and additional relief as this Honorable Court deems just and proper.

## COUNT IV
## NEGLIGENCE OF DEFENDANT, UNKNOWN SECOND ASSISTANT STORE MANAGER OF WAL-MART STORE NO. 1996

55. Plaintiff, Elena Zhadanova, incorporates by reference all of the allegations and statements contained in Paragraphs One (1) through Eight (8) of her Complaint as though fully set forth herein.

56. On or about July 8, 2018, the Plaintiff, Elena Zhadanova was a lawful patron of Defendant, Wal-Mart, Store # 1996 located in Broward County, Florida.

57. Plaintiff, Elena Zhadanova was a business invitee of the Defendant, Wal-Mart.

58. While proceeding to the cash registers at the front of the store, the Plaintiff, Elena Zhadanova, slipped on some slippery substance, which caused her to fall and incur severe bodily injury.

59. At all times, the Plaintiff was acting with due care, walking in a normal manner as expected under the conditions.

60. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, is an employee of Defendant, Wal-Mart.

15

61. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996 was on duty and managing the store at the date and time that Plaintiff slipped and fell at Wal-Mart Store 1996.

62. Defendant, Unknown Second Assistant Store Manager of Wal-Mart Store 1996, has and had a duty to all business invitees to ensure that the premises of Wal-Mart are free from any foreign items, defects, slippery substance or anything else that jeopardizes or may jeopardize the safety of its business invitees.

63. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996 was negligent in his/her duties as he allowed the presence of the slippery substance to come into contact with and remain on the floor of the store when Defendant, Unknown Store Manager of Walmart Store 1996 knew or should have known, that the slippery substance created an unreasonable risk of harm to customers in the store.

64. On or about July 8, 2018, Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996 was negligent by failing to warn Plaintiff of the danger presented by the premises as he allowed the presence of the slippery substance at said store to exist.

65. The Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, knew or by using ordinary care could have known of this condition. Ordinary care is inclusive of but not limited to:

   (a) Providing a slip resistant floor;
   (b) Having Defendant's employees or agents of the store to visually inspect the floors on a timely basis in conformity with industry standards;

- (c) Having Defendant's employees or agents of the store physically sweep the floors on a timely basis in conformity with known standards and remove any slippery substance from the floor; and/or

- (d) Provide warning signs when and where slip and fall hazards exist on the floor.

66. The Defendant failed to use ordinary care to (1) avoid creating the aforesaid condition, (2) remove aforesaid condition once it was created, (3) failed to barricade it, and/or (4) failed to warn the Plaintiff of the aforesaid condition, constituting a breach of duty owed to patrons and Plaintiff alike.

67. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, has a non-delegable duty to keep the premises in a reasonably safe condition so that its patrons, members of the general public will not be injured.

68. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, their agents, servants and employees knew or by using ordinary care, should have known of the defective, dangerous and/or hazardous condition set forth above.

69. As a direct and proximate result of the acts and omissions of Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, as herein alleged, the Plaintiff, Elena Zhadanova, was injured and damaged, to wit: the Plaintiff, Elena Zhadanova, suffered injuries to her body including, but not limited to, her back and neck, some or all of which such injuries are permanent in nature; the Plaintiff has suffered and will in the future suffer severe pain, mental anguish, disfigurement and disability; she has incurred and will in the future incur medical expenses for the treatment and care his aforesaid injuries.

70. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, was negligent in allowing a hazardous condition to exist that caused Plaintiff's injuries.

71. Plaintiff continues to suffer personal and pecuniary losses as a result of Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996's negligent conduct.

WHEREFORE, Plaintiff, Elena Zhadanova prays for judgment against the Defendant, Unknown Second Assistant Store Manager of Walmart Store, 1996 for such damages as are fair and reasonable together with costs herein incurred and expended, and for any such further and additional relief as this Honorable Court deems just and proper.

### DEMAND FOR TRIAL

Plaintiff demands jury trial on all issues so triable.

Respectfully submitted this __ day of _____, 2021.

*/s/ Ryan N. Chae*_____
**Ryan N. Chae, Esquire**
Florida Bar No. 117495
**RNC Legal**
2450 Hollywood Blvd.
Suite 305
Hollywood, FL 33020
T (954) 417.7000
F (954) 998.4505
Email − rchae@rnclegal.net
*Counsel for Plaintiff*