UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 21-60668-CIV-SMITH

ELENA ZHANADOVA,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

**DEFENDANT WAL-MART STORES EAST, LP'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND AMENDED MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW**

Defendant Wal-Mart Stores East, LP ("Wal-Mart") submits its Response in Opposition to Plaintiff's Seconded Amended Motion for Leave to Amend Plaintiff's Complaint, Motion to Remand and Memorandum of Law ("Second Amended Motion") [D.E. 26] and in support thereof states:

**PRELIMINARY STATEMENT**

Remand is improper as Wal-Mart's Notice of Removal has proven, by clear and convincing evidence, that:

    a.    the amount in controversy exceeds $75,000.00;

    b.    there is complete diversity of citizenship between Wal-Mart and the Plaintiff Elena Zhanadova ("Plaintiff").

Plaintiff does not dispute the amount in controversy exceeds $75,000.00 and that complete diversity of citizenship exists between her and Wal-Mart. Rather, Plaintiff argues that,

if granted leave to amend her Complaint, she will be able to assert a valid negligence claim against Maritza Cox ("Cox"), a Wal-Mart employee whose identity she recently discovered. However, this assertion is wholly without merit as there is no possibility that Plaintiff can establish a negligence cause of action against Cox. As more specifically argued below, Plaintiff's attempt to include Cox in this lawsuit constitutes a fraudulent joinder and her request for leave to amend the Complaint is dilatory. Accordingly, this Court should deny Plaintiff's Motion.

## RELEVANT FACTUAL BACKGROUND

1. On or about February 24, 2021, Plaintiff commenced this action by filing a lawsuit against Wal-Mart and fictitiously named Defendants Unknown Store Manager of Wal-Mart Store 1996, Unknown First Assistant Manager of Wal-Mart Store 1996, and Unknown Second Assistant Manager of Wal-Mart Store 1996 (collectively "Unknown Managers"), in the Seventeenth Judicial Circuit Court in and for Broward County, Florida. *See* Pl.'s Compl. [D.E. 1-2].

2. Plaintiff served her Complaint on Wal-Mart's registered agent on February 26, 2021. *See* Return of Service [D.E. 1-3]. Plaintiff also attempted to serve the Unknown Managers by serving Wal-Mart's registered agent on February 26, 2021.

3. Prior to commencing this action, Plaintiff initiated another negligence action against Wal-Mart Stores Inc. **only** in connection with the alleged incident. However, Plaintiff dismissed that case once it was removed to federal court. *See Zhanadova v. Wal-Mart Stores East, LP*, Case No. 20-cv-62593-RAR, [D.E. 8] (S.D. Fla. January 4, 2021).

3. The Complaint raises a negligence claim against Wal-Mart due to injuries Plaintiff allegedly sustained on July 8, 2018 while at the Wal-Mart store located at 2551 E.

2

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200   MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686   FACSIMILE: 305-379-3690

Hallandale Beach Boulevard, Hallandale Beach, Florida 33009. *See* Pl.'s Compl. [D.E. 1-2]. Specifically, Plaintiff contends she "slipped on some slippery substance" on the store's floor and suffered injuries as a result. *Id.*, ¶ 11.

4. Plaintiff further asserts that Wal-Mart breached the duty of care owed to her by, among other things, negligently maintaining the subject store and failing to adequately warn her of the alleged condition on which she purportedly slipped. *See id.*, ¶ 15. Plaintiff also attempts to assert negligence claims against the Unknown Managers due to the alleged incident. *See id.* ¶¶ 21-70.

5. On or about October 29, 2019, prior to filing the instant lawsuit, Plaintiff submitted a pre-suit demand letter to Wal-Mart's claims administrator, Claims Management, Inc. ("CMI"), in which she demanded from Wal-Mart $500,000.00 as full and final settlement of this matter ("Demand Letter"). *See* Demand Letter[1] [D.E.1-4]. The Demand Letter additionally states she incurred $350,626.75 in medical expenses due to the alleged incident. *Id.*"

6. Subsequently, on September 14, 2020, Plaintiff sent an updated demand to CMI demanding $850,000.00 to settle the case and stating that her outstanding medical expenses totaled $523,664.22 ("Updated Demand"). *See* Updated Demand [D.E. 1-5].

7. The Complaint alleges Plaintiff resides in Broward County, Florida. Pl.'s Compl. [D.E. 1-2] ¶ 1.

8. Given the foregoing, Wal-Mart timely filed its Notice of Removal ("Removal") on March 26, 2021. [D.E. 1].

9. On May 14, 2021, Plaintiff filed her Motion to Remand and Motion for Leave to

---

[1] Wal-Mart has not filed the medical records Plaintiff submitted with her Demand Letter in order to protect the Plaintiff's personal information and pursuant to the Court's administrative procedures. Should the Court wish to review these documents, Wal-Mart will provide same to the Court for an *in camera* inspection.

3

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200   MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686   FACSIMILE: 305-379-3690

Amend Plaintiff's Complaint and Memorandum of Law.[2]

10. On May 24, 2021, Wal-Mart served Plaintiff with its Rule 26 Initial Disclosures identifying Cox as the member of management that responded to the alleged incident. *See* Wal-Mart's Rule 26 Initial Disclosures attached as Exhibit "A".

11. On May 28, 2021, Wal-Mart filed its Response to Plaintiff's May 14, 2021 Motion.

12. On September 3, 2021, **_102 days after_** Wal-Mart served its Rule 26 Initial Disclosures, Plaintiff filed her Amended Motion for Leave to Amend Plaintiff's Complaint, Motion to Remand, and Memorandum of Law seeking leave to amend her Complaint to add Cox as a party ("Amended Motion").[3]

13. On March 3, 2022, Plaintiff filed her Second Amended Motion seeking **_the exact relief sought_** in her September 3, 2022 Amended Motion.

### MEMORANDUM OF LAW

**A. Plaintiff's Second Amended Motion for Leave to Amend the Complaint must be denied, pursuant to § 1447 (e).**

28 U.S.C. 1447(e) governs whether this Court may allow a complaint removed from state court to be amended to add a defendant. *See Ingram v. CSX Transp., Inc.*, 146 F. 3d 858, 862 (11th Cir. 1998). Section 1447(e) states, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. 1447(e). "Accordingly, a district court has only two options: (1) deny the requested joinder or (2) allow the joinder and remand the case to state court. *Laposa*, 2020 U.S. Dist. Lexis 81476, *5 (citing *Ingram*, 146 F.

---

[2] Wal-Mart notes that Plaintiff's counsel failed to include a 7.1(a)(3) certification in the Motion and did not confer with the undersigned prior to the filing of the Motion.
[3] Wal-Mart notes that, **_once again_**, Plaintiff's counsel failed to include a 7.1(a)(3) certification in the Motion and did not confer with the undersigned prior to the filing of the Motion

3d at 862). "A post-removal request to join a non-diverse party defendant is left to the discretion of the district court." *Id.* (citing *Dean v. Barber*, 951 F. 2d 1210, 1215 (11th Cir. 1992).

In addition, the Court must consider several factors in determining whether to permit the amendment of a complaint, pursuant to § 1447(e). Those factors include:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether [the movant] has been dilatory in asking for the amendment; (3) whether [the movant] will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities.

*Angel v. Target Corp.*, 20-62701-CIV-ALTMAN/Hunt, 2021 U.S. Dist. LEXIS 70700, *4 (S.D. Fla. April 12, 2021) (citing *Simon v. Howmedica Osteonics Corp.*, 981 F. Supp. 2d 1232, 1237 (S.D. Fla. 2012) and *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

The Court must also consider "whether the joinder of the non-diverse party is fraudulent." *Laposa,* 2020 U.S. Dist. Lexis 81476, *6.

### i) Plaintiff seeks to fraudulently join Cox as a party to this action.

A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into the state court. *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits submitted by the parties. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

The issue of whether there is no possibility the plaintiff can establish a cause of action against the resident defendant turns on whether liability can be imposed on the resident defendant. *Hunt v. Target Corp.*, Case No. 14-80266-CIV, 2014 U.S. Dist. LEXIS 54179, at *3-

5

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200   MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686   FACSIMILE: 305-379-3690

5 (S.D. Fla. Apr. 18, 2014); *Tynes v. Target Corp.*, Case No. 12-24302-CIV, 2013 U.S. Dist. LEXIS 40355, at *4-5 (S.D. Fla. Mar. 22, 2013). If a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007).

> "To prevail on her negligence claim against [Cox], the Plaintiff must prove four elements: "(1) the existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct for the protection of others including the plaintiff; (2) a failure on the part of the defendant to perform that duty; and (3) an injury or damage to the plaintiff [(4)] proximately caused by such failure."

*Kenz v. Miami-Dade Cty.*, 116 So. 3d 461, 464 (Fla. 3d DCA 2013).

"Under Florida law, "a corporate agent or employee may not be held personally liable simply because of his general administrative responsibility or performance of some function of his employment – ***he or she must be actively negligent.***" See *Tynes v. Target Corp.*, 2013 U.S. Dist. LEXIS 40355, *5, 2013 WL 1192355 (S.D. Fla. 2013) (Judge Moreno denied plaintiff's motion to remand) (citing *Orlovsky v. Solid Surf, Inc.*, 405 So. 2d 1363 (Fla. 4th DCA 1981) (quoting (quoting *McElveen v. Peeler*, 544 So. 2d 270, 272 (Fla. 1st DCA 1989); *see also Niurka De Varona v. Discount Auto Parts, LLC.*, 860 F. Supp. 2d 1344, 1348 (S.D. Fla. 2012) (quoting *Orlovsky*, 405 So.2d at 1364 ("[i]t is well established under Florida law that ***[a store manager] does not incur personal liability for the corporation's tort merely by reason of the officer's official character***")). For a store manager to personally commit or participate in tortious conduct, the store manager "necessarily must be present in the store at the time of the accident in order to know of the hazardous condition and personally participate in the events leading up to

6

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200  MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686   FACSIMILE: 305-379-3690

the accident." *Stephens v. Petsmart, Inc.*, No. 09-CV-815, 2009 U.S. Dist. Lexis 107234, *6 (M.D. Fla. Nov. 3, 2009).

In the instant case, the clear and convincing evidence demonstrates there is no possibility Plaintiff can establish a cause of action against Cox for negligence. As stated in her Declaration, Cox was not assigned to work in the Front End section of the subject store on the date of the alleged incident and has no independent recollection of walking through the self check out area of the subject store on July 8, 2018, prior to Plaintiff's incident. *See* Maritza Cox Decl. [ECF No. 18-2], ¶¶ 6, 12. Contrary to Plaintiff's allegations, Cox was not managing the entire store on the date and time of her incident. *See* Motion [D.E. 26], ¶27; *see also* Maritza Cox Decl. [ECF No. 18-2], ¶ 7. Furthermore, Cox did not commit or participate in the Plaintiff's incident and did not play any role in her alleged injuries as she:

    a.    did not witness the incident;

    b.    did not cause any liquid substance or other transitory foreign substance to fall on the Wal-Mart Store floor on July 8, 2018;

    c.    had no prior knowledge of any liquid substances or other transitory foreign substances by the cash registers at the front of the Walmart Store on July 8, 2018.

Maritza Cox Decl. [ECF No. 18-2], ¶¶ 9-11.

As such, Cox did not actively participate in Plaintiff's alleged incident and lacked any knowledge of the hazardous condition on which Plaintiff slipped. Thus, there is no possibility Plaintiff can establish a cause of action for negligence against her, especially where Plaintiff was not even the Assistant Manager overseeing the section of the store where Plaintiff fell.

    **ii) Leave to amend must be denied, pursuant to the four factors enumerated in *Hensgens*.**

It is evident that Plaintiff's amendment is solely to defeat federal jurisdiction as

Plaintiff's original action against Wal-Mart never named John Doe managers or any non-diverse Wal-Mart employees. *See Zhanadova v. Wal-Mart Stores East, LP*, Case No. 20-cv-62593-RAR, [D.E. 1-2] (S.D. Fla. January 4, 2021). When the original action was ultimately removed, Plaintiff dismissed the action and subsequently refiled her negligence action against Wal-Mart and John Doe managers in state court. *See Zhanadova v. Wal-Mart Stores East, LP*, Case No. 20-cv-62593-RAR, [D.E. 8] (S.D. Fla. January 4, 2021); *see also* Pl.'s Compl. [D.E. 1-2]. In addition, Plaintiff has been dilatory in asking for this amendment because she filed her Amend Motion ***102 days after*** learning that Cox was the member of management that responded to the scene of her incident. *See* Amended Motion [D.E. 16]; *see also* Ex. A. (*Cf. Angel supra* where Plaintiff moved for substitution of Tim Smoyer for Jane Doe within two weeks of removal.).

Plaintiff will not be significantly injured if the amendment is not allowed, as Wal-Mart Stores East, LP owned and operated the subject store in which her alleged incident occurred and could be held vicariously liable for Cox's actions if the allegations set forth against her in Plaintiff's proposed Amended Complaint are proven at trial. Therefore, it cannot be said Plaintiff would be unfairly deprived of a chance of a full recovery of her alleged damages if she only sues Wal-Mart. Most importantly, it would be unjust to allow Plaintiff to name Cox in this lawsuit simply because Cox was doing her job as an assistant manager and attempting to assist Plaintiff after her slip and fall.

Accordingly, denial of the Plaintiff's Motion is warranted, pursuant to § 1447 (e).

## CONCLUSION

For the foregoing reasons, Wal-Mart respectfully requests the Court deny Plaintiff's Motion.

8

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200  MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686  FACSIMILE: 305-379-3690

Respectfully submitted,

/s/ *Suzette L. Russomanno*

Suzette L. Russomanno
Florida Bar No. 751081
srussomanno@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:   305-379-3686
*Attorney for Defendant Wal-Mart Stores East, LP*

9

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200   MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686   FACSIMILE: 305-379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 16, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/  Suzette L. Russomanno
Suzette L. Russomanno

## SERVICE LIST

Ryan N. Chae, Esq.
RNC Legal
2450 Hollywood Boulevard
Suite 305
Hollywood, Florida 33020
rchae@rnclegal.net
*Attorney for Plaintiff Elena Zhanadova*