UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60668-XXXX

**ELENA ZHADANOVA,**

    Plaintiff,

v.

**WAL-MART STORES EAST, L.P.,
MARITZA COX, INDIVIDUALLY,
UNKNOWN STORE MANAGER OF WAL-MART STORE 1996,
UNKNOWN SECOND ASSISTANT MANAGER OF WAL-MART
STORE 1996.**

    Defendants.

_____/

**AMENDED COMPLAINT**

COMES NOW, PLAINTIFF, Elena Zhadanova, herein files this, her Amended Complaint against Defendants, Wal-Mart Stores East, L.P., hereinafter referred to as Wal-Mart, Unknown Store Manager, Maritza Cox, individually and Unknown Second Assistant Manager of Wal-Mart Store 1996 and alleges:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. The Plaintiff, Elena Zhadanova, is a resident of Broward County, Florida.

2. Defendant, Wal-Mart Stores East, L.P., hereinafter referred to as "Wal-Mart," is a foreign for-profit corporation and is authorized to do business in Broward County, FL, has numerous stores in Broward County, Florida and is otherwise subject to the jurisdiction of this Honorable Court.

3. Unknown Store Manager, Store Manager is an agent of Defendant, Wal-Mart and is subject to this Court's jurisdiction.

1

4. Maritza Cox is an agent of Defendant, Wal-Mart, is believed to be a resident of Miami-Dade County, Florida, and is subject to this Court's jurisdiction.

5. Maritza Cox was at the time and place related to this action was working at Defendant, Wal-Mart Store No. 1996.

6. Unknown Second Assistant Store Manager, Store Manager is an agent of Defendant, Wal-Mart and is subject to this Court's jurisdiction.

7. All the acts and/or omissions occurred in Broward County at one of Defendant's stores, more specifically Store #1996.

8. Venue and jurisdiction are vested in this Court in that the events giving rise to this action occurred within Broward County, State of Florida.

9. The Circuit Court has personal and subject matter jurisdiction.  This action exceeds $30,000.00.

## COUNT I
## NEGLIGENCE OF DEFENDANT WAL-MART

10. Plaintiff, Elena Zhadanova, incorporates by reference all of the allegations and statements contained in Paragraphs One (1) through Eight (8) of her Complaint as though fully set forth herein.

11. On or about July 8, 2018, the Plaintiff, Elena Zhadanova was a lawful patron and business invitee of Defendant, Wal-Mart, Store # 1996 located in Broward County, Florida.

12. While proceeding to the cash registers at the front of the store, Plaintiff slipped on some slippery substance, which caused her to fall and incur severe bodily injury.

13. At all times, Plaintiff was acting with reasonable due care, while walking towards the checkout area.

14. As a result of the presence of the slippery substance on the floor at Wal-Mart's Store #1996, the floor was not maintained in a reasonably safe condition.

15. The Defendant knew or by using ordinary and reasonable care could have known of this condition. Ordinary care is inclusive of, but not limited to:

    (a) Providing a slip resistant floor;

    (b) Having Defendant's employees or agents of the store visually inspect the floors on a timely basis in conformity with industry standards;

    (c) Having Defendant's employees or agents of the store physically sweep the floors on a timely basis in conformity with known standards and remove any slippery substance from the floor; and/or

    (d) Provide warning signs when and where slip and fall hazards exist on the floor.

16. The Defendant failed to use ordinary care to (1) avoid creating the aforesaid condition, (2) remove aforesaid condition once it was created, (3) failed to barricade it, and/or (4) failed to warn the Plaintiff of the aforesaid condition, constituting a breach of duty owed to patrons and Plaintiff alike.

17. Defendant, Wal-Mart, has a non-delegable duty to keep the premises in a reasonably safe condition so that its patrons and members of the general public will not be injured.

18. Defendant, Wal-Mart, their agents, servants and employees knew or by using ordinary care, should have known of the defective, dangerous and/or hazardous condition set forth above.

19. As a direct and proximate result of the acts and omissions of Defendant, as herein alleged, the Plaintiff, Elena Zhadanova, was injured and damaged, to wit: the Plaintiff, Elena Zhadanova, suffered injuries to her body including, but not limited to, her back

and neck, some or all of which such injuries are permanent in nature; the Plaintiff has suffered and will in the future suffer severe pain, mental anguish, disfigurement and disability; she has incurred and will in the future incur medical expenses for the treatment and care of her aforesaid injuries.

20. Defendant was negligent in allowing a hazardous condition to exist that caused Plaintiff's injuries.

21. Plaintiff continues to suffer personal and pecuniary losses as a result of Defendant's negligent conduct.

WHEREFORE, Plaintiff, Elena Zhadanova, prays for judgment against the Defendant, Wal-Mart, for such damages as are fair and reasonable, together with costs herein incurred and expended, and for any such further and additional relief as this Honorable Court deems just and proper.

## COUNT II
## NEGLIGENCE OF DEFENDANT, UNKNOWN STORE MANAGER OF WAL-MART STORE NO. 1996

22. Plaintiff, Elena Zhadanova, incorporates by reference all of the allegations and statements contained in Paragraphs One (1) through Eight (8) of her Complaint as though fully set forth herein.

23. On or about July 8, 2018, the Plaintiff, Elena Zhadanova was a lawful patron and business invitee of Defendant, Wal-Mart, Store # 1996 located in Broward County, Florida.

24. While proceeding to the cash registers at the front of the store, Plaintiff slipped on some slippery substance, which caused her to fall and incur severe bodily injury.

4

25. At all times, Plaintiff was acting with reasonable care while walking towards the checkout area.

26. Defendant, Unknown Store Manager of Walmart Store 1996, is an employee of Defendant, Wal-Mart.

27. Defendant, Unknown Store Manager of Walmart Store 1996 was on duty and managing the store at the date and time that Plaintiff slipped and fell at Wal-Mart Store 1996.

28. Defendant, Unknown Store Manager of Wal-Mart Store 1996, has and had a duty to all business invitees to ensure that the premises of Wal-Mart are free from any foreign items, defects, slippery substance or anything else that jeopardizes or may jeopardize the safety of its business invitees.

29. Defendant, Unknown Store Manager of Walmart Store 1996, was negligent in his/her duties as he/she allowed the presence of the slippery substance to come into contact with and remain on the floor of the store when Defendant, Unknown Store Manager of Walmart Store 1996 knew or should have known, that the slippery substance created an unreasonable risk of harm to customers in the store.

30. On or about July 8, 2018, Defendant, Unknown Store Manager of Walmart Store 1996 was negligent by failing to warn Plaintiff of the danger presented by the premises as he/she allowed the presence of the slippery substance at said store to exist.

31. The Defendant, Unknown Store Manager of Walmart Store 1996, knew or by using ordinary care could have known of this condition.  Ordinary care is inclusive of but not limited to:

    (a) Providing a slip resistant floor;

    (b) Having Defendant's employees or agents of the store visually inspect the floors on a timely basis in conformity with industry standards;

    (c) Having Defendant's employees or agents of the store physically sweep the floors on a timely basis in conformity with known standards and remove any slippery substance from the floor; and/or

    (d) Provide warning signs when and where slip and fall hazards exist on the floor.

32. The Defendant failed to use ordinary care to (1) avoid creating the aforesaid condition, (2) remove aforesaid condition once it was created, (3) failed to barricade it, and/or (4) failed to warn the Plaintiff of the aforesaid condition, constituting a breach of duty owed to patrons and Plaintiff alike.

33. Defendant, Unknown Store Manager of Walmart Store 1996, has a non-delegable duty to keep the premises in a reasonably safe condition so that its patrons, members of the general public will not be injured.

34. Defendant, Unknown Store Manager of Walmart Store 1996, their agents, servants and employees knew or by using ordinary care, should have known of the defective, dangerous and/or hazardous condition set forth above.

35. As a direct and proximate result of the acts and omissions of Defendant, Unknown Store Manager of Walmart Store 1996, as herein alleged, the Plaintiff, Elena Zhadanova, was injured and damaged, to wit: the Plaintiff, Elena Zhadanova, suffered injuries to her body including, but not limited to, her back and neck, some or all of which such injuries are permanent in nature; the Plaintiff has suffered and will in the future suffer severe pain, mental anguish, disfigurement and disability; she has incurred

and will in the future incur medical expenses for the treatment and care his aforesaid injuries.

36. Defendant, Unknown Store Manager of Walmart Store 1996, was negligent in allowing a hazardous condition to exist that caused Plaintiff's injuries.

37. Plaintiff continues to suffer personal and pecuniary losses as a result of Defendant, Unknown Store Manager of Walmart Store 1996, negligent conduct.

WHEREFORE, Plaintiff, Elena Zhadanova prays for judgment against the Defendant, Unknown Store Manager of Walmart Store 1996, for such damages as are fair and reasonable together with costs herein incurred and expended, and for any such further and additional relief as this Honorable Court deems just and proper.

## COUNT III
## NEGLIGENCE OF DEFENDANT, MARITZA COX

38. Plaintiff, Elena Zhadanova, incorporates by reference all of the allegations and statements contained in Paragraphs One (1) through Eight (8) of her Complaint as though fully set forth herein.

39. On or about July 8, 2018, the Plaintiff, Elena Zhadanova was a lawful patron of Defendant, Wal-Mart, Store # 1996 located in Broward County, Florida.

40. Plaintiff, Elena Zhadanova was a business invitee of the Defendant, Wal-Mart.

41. While proceeding to the cash registers at the front of the store, the Plaintiff, Elena Zhadanova, slipped on some slippery substance, which caused her to fall and incur severe bodily injury.

42. At all times, the Plaintiff was acting with due care, walking in a normal manner as expected under the conditions.

43. Defendant, Maritza Cox, is an employee of Defendant, Wal-Mart.

44. Defendant, Maritza Cox, was on duty and a member of the management team that was managing the store at the date and time that Plaintiff slipped and fell at Wal-Mart Store 1996.

45. Defendant, Maritza Cox, has and had a duty to all business invitees to ensure that the premises of Wal-Mart are free from any foreign items, defects, slippery substance or anything else that jeopardizes or may jeopardize the safety of its business invitees.

46. Defendant, Maritza Cox, was negligent in her duties as she allowed the presence of a slippery substance to come into contact with and remain on the floor of the store when Defendant, Maritza Cox, knew or should have known, that the slippery substance created an unreasonable risk of harm to customers in the store.

47. On or about July 8, 2018, Defendant, Maritza Cox, was negligent by failing to warn Plaintiff of the danger presented by the premises as she allowed the presence of the slippery substance at said store to exist.

48. The Defendant, Maritza Cox, knew or by using ordinary care could have known of this condition. Ordinary care is inclusive of but not limited to:

    (a) Providing a slip resistant floor;

    (b) Having Maritza Cox's employees or agents of the store to visually inspect the floors on a timely basis in conformity with industry standards;

    (c) Having Defendant's employees or agents of the store physically sweep the floors on a timely basis in conformity with known standards and remove any slippery substance from the floor; and/or

    (d) Provide warning signs when and where slip and fall hazards exist on the floor.

49. The Defendant, Maritza Cox, failed to use ordinary care to (1) avoid creating the aforesaid condition, (2) remove aforesaid condition once it was created, (3) failed to barricade it, and/or (4) failed to warn the Plaintiff of the aforesaid condition, constituting a breach of duty owed to patrons and Plaintiff alike.

50. Defendant, Maritza Cox, has a non-delegable duty to keep the premises under her supervision in a reasonably safe condition so that its patrons, members of the general public will not be injured.

51. Defendant, Maritza Cox, her agents, servants and employees knew or by using ordinary care, should have known of the defective, dangerous and/or hazardous condition set forth above.

52. As a direct and proximate result of the acts and omissions of Defendant, Maritza Cox, the Plaintiff, Elena Zhadanova, was injured and damaged, to wit: the Plaintiff, Elena Zhadanova, suffered injuries to her body including, but not limited to, her back and neck, some or all of which such injuries are permanent in nature; the Plaintiff has suffered and will in the future suffer severe pain, mental anguish, disfigurement and disability; she has incurred and will in the future incur medical expenses for the treatment and care his aforesaid injuries.

53. Defendant, Maritza Cox, was negligent in allowing a hazardous condition to exist that caused Plaintiff's injuries.

54. Plaintiff continues to suffer personal and pecuniary losses as a result of Defendant, Maritza Cox's negligent conduct.

WHEREFORE, Plaintiff, Elena Zhadanova prays for judgment against the Defendant, Maritza Cox, 1996 for such damages as are fair and reasonable together with costs herein incurred

and expended, and for any such further and additional relief as this Honorable Court deems just and proper.

## COUNT IV
## NEGLIGENCE OF DEFENDANT, UNKNOWN SECOND ASSISTANT STORE MANAGER OF WAL-MART STORE NO. 1996

55. Plaintiff, Elena Zhadanova, incorporates by reference all of the allegations and statements contained in Paragraphs One (1) through Eight (8) of her Complaint as though fully set forth herein.

56. On or about July 8, 2018, the Plaintiff, Elena Zhadanova was a lawful patron of Defendant, Wal-Mart, Store # 1996 located in Broward County, Florida.

57. Plaintiff, Elena Zhadanova was a business invitee of the Defendant, Wal-Mart.

58. While proceeding to the cash registers at the front of the store, the Plaintiff, Elena Zhadanova, slipped on some slippery substance, which caused her to fall and incur severe bodily injury.

59. At all times, the Plaintiff was acting with due care, walking in a normal manner as expected under the conditions.

60. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, is an employee of Defendant, Wal-Mart.

61. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996 was on duty and managing the store at the date and time that Plaintiff slipped and fell at Wal-Mart Store 1996.

62. Defendant, Unknown Second Assistant Store Manager of Wal-Mart Store 1996, has and had a duty to all business invitees to ensure that the premises of Wal-Mart are free

from any foreign items, defects, slippery substance or anything else that jeopardizes or may jeopardize the safety of its business invitees.

63. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996 was negligent in his/her duties as he allowed the presence of the slippery substance to come into contact with and remain on the floor of the store when Defendant, Unknown Store Manager of Walmart Store 1996 knew or should have known, that the slippery substance created an unreasonable risk of harm to customers in the store.

64. On or about July 8, 2018, Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996 was negligent by failing to warn Plaintiff of the danger presented by the premises as he allowed the presence of the slippery substance at said store to exist.

65. The Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, knew or by using ordinary care could have known of this condition. Ordinary care is inclusive of but not limited to:

    (a) Providing a slip resistant floor;

    (b) Having Defendant's employees or agents of the store to visually inspect the floors on a timely basis in conformity with industry standards;

    (c) Having Defendant's employees or agents of the store physically sweep the floors on a timely basis in conformity with known standards and remove any slippery substance from the floor; and/or

    (d) Provide warning signs when and where slip and fall hazards exist on the floor.

66. The Defendant failed to use ordinary care to (1) avoid creating the aforesaid condition, (2) remove aforesaid condition once it was created, (3) failed to barricade it, and/or (4)

failed to warn the Plaintiff of the aforesaid condition, constituting a breach of duty owed to patrons and Plaintiff alike.

67. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, has a non-delegable duty to keep the premises in a reasonably safe condition so that its patrons, members of the general public will not be injured.

68. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, their agents, servants and employees knew or by using ordinary care, should have known of the defective, dangerous and/or hazardous condition set forth above.

69. As a direct and proximate result of the acts and omissions of Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, as herein alleged, the Plaintiff, Elena Zhadanova, was injured and damaged, to wit: the Plaintiff, Elena Zhadanova, suffered injuries to her body including, but not limited to, her back and neck, some or all of which such injuries are permanent in nature; the Plaintiff has suffered and will in the future suffer severe pain, mental anguish, disfigurement and disability; she has incurred and will in the future incur medical expenses for the treatment and care his aforesaid injuries.

70. Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996, was negligent in allowing a hazardous condition to exist that caused Plaintiff's injuries.

71. Plaintiff continues to suffer personal and pecuniary losses as a result of Defendant, Unknown Second Assistant Store Manager of Walmart Store 1996's negligent conduct.

WHEREFORE, Plaintiff, Elena Zhadanova prays for judgment against the Defendant, Unknown Second Assistant Store Manager of Walmart Store, 1996 for such damages as are fair

and reasonable together with costs herein incurred and expended, and for any such further and additional relief as this Honorable Court deems just and proper.

## DEMAND FOR TRIAL

Plaintiff demands jury trial on all issues so triable.

Respectfully submitted this 6th day of July, 2022.

*/s/ Ryan N. Chae*
**Ryan N. Chae, Esquire**
Florida Bar No. 117495
**RNC Legal**
200 South Andrews Avenue
Suite 503
Fort Lauderdale, FL 33301T
(954) 417.7000
F (954) 998.4505
Email − rchae@rnclegal.net
*Counsel for Plaintiffs*