UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60668-CIV-SMITH

ELENA ZHANADOVA,

    Plaintiff,
vs.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant, Wal-Mart Stores East, LP's ("Defendant") Motion for Summary Judgment ("Motion") [DE 42], Plaintiff's Response [DE 43], and Defendant's Reply [DE 49].  In her Complaint, Plaintiff alleges a premises liability negligence claim against Defendant.  Plaintiff alleges that she slipped and fell on a substance on the floor at a self-checkout register in Defendant's store.  Defendant seeks summary judgment claiming that there is no record evidence that it had actual or constructive knowledge of the substance on the floor.  For the reasons that follow, Defendant's motion is granted.

**I.    UNDISPUTED MATERIAL FACTS[1]**

Plaintiff alleges that she was injured in a slip and fall incident at Defendant's store on July 8, 2018. (Compl. [DE 1-2] ¶¶ 10-11.) Defendant's video surveillance system captured the incident in which Plaintiff slipped and fell and the moments leading up to it and after it.  At approximately 06:46:53 in the video, a customer spilled drippings on the floor as the customer was lifting a rotisserie chicken out of her shopping cart and placing it on the self-checkout register.  At 06:49:11 Plaintiff is seen at the same self-checkout register.  A few seconds later, at 06:49:22, a person

---

[1] The Court omits record citations to the facts that the parties have not disputed.

approaches Plaintiff wearing a yellow vest typically worn by Defendant's employees, with what appears to be sheets of paper towel in hand. The person makes a gesture towards Plaintiff, Plaintiff takes a step back and falls at 06:49:25. Plaintiff testified at her deposition that Defendant's employee was on the other side of the cash registers away from where Plaintiff was at the self-help cash register. (Pl. Dep. 57:23–58:1). Plaintiff said that the employee was yelling at Plaintiff from far away, was running toward Plaintiff, and was waving with something white in the employee's hand at Plaintiff. Plaintiff said that in the moment she understood that the employee was warning her of some type of danger. (*Id.* 58:2–17). Two minutes and thirty-two seconds elapsed between the time the customer spills the chicken drippings and Plaintiff falls. Plaintiff alleges that she did not see the substance on the floor before she fell. She admits that she felt a substance of an "oily nature" on the floor when she fell.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Emps. Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)).

"[R]easonable doubts as to the facts should be resolved in favor of the nonmoving party," *Borg-Warner Acceptance Corp. v. Davis,* 804 F.2d 1580, 1582 (11th Cir. 1986). However,

> in a civil case, a fact may be established by circumstantial evidence as effectively and as conclusively as it may be proved by direct positive evidence. The limitation on the rule simply is that if a party to a civil action depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences.

*Wilson-Greene v. City of Miami*, 208 So. 3d 1271, 1275 (Fla. 3d DCA. 2017).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp.*, 477 U.S. at 324. A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

**III.  DISCUSSION**

"Federal courts sitting in diversity apply the substantive law of the state in which the case arose." *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132 (11th Cir. 2010) (internal citation omitted). Thus, Florida's law on premises liability for transitory foreign substances in a business establishment governs this action. *See* Fla. Stat. § 768.0755 (2021). The law requires that a plaintiff seeking damages for injuries from a slip and fall on a transitory foreign substance "prove

that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." *Id.*

Defendant moves for summary judgment on grounds that Plaintiff cannot establish that Defendant had actual or constructive knowledge of the substance on the floor before Plaintiff's fall. Defendant contends that it did not breach a duty to Plaintiff. Plaintiff responds that Defendant had both constructive and actual knowledge of the substance on the floor and that Defendant failed to warn of the danger or prevent Plaintiff from encountering the dangerous condition that caused her fall. The Court will examine whether Defendant had actual or constructive knowledge, in turn.

A. **Actual Knowledge**

In a premises liability action, a defendant has actual knowledge of a dangerous condition when the defendant or the defendant's agent either knows of or creates the dangerous condition. *Barber v. Brinker*, 801 So. 2d 953, 955 (Fla. 5th DCA 2001). Although

> [a]n entity, … such as a supermarket, to which members of the public are invited, is not an insurer of the safety of such persons, . . . the premises possessor has a legal duty to protect invitees from the dangerous conditions of which the possessor has actual knowledge. This . . . duty is usually breached when the possessor fails to take reasonable care (a) to eliminate the known danger, (b) to protect invitees from the known danger by excluding them from the area of danger, . . . (c) to provide warnings as to the danger, or (d) to take some combination of these protective actions.

*Winn Dixie-Stores, Inc. v. Marcotte*, 553 So. 2d 213, 214 (Fla. 5th DCA 1989).

Here, the parties agree that Defendant did not create the dangerous condition. The parties agree that the dangerous condition was created when a customer spilled chicken drippings on the floor at 06:46:53. Although both parties rely on the same copy of the recording from Defendant's video surveillance system, Defendant argues that Plaintiff cannot prove that Defendant's employees knew that the drippings were on the floor before Plaintiff's fall, while Plaintiff counters

4

that the video shows that three of Defendant's employees knew of the condition before Plaintiff fell.

First, Plaintiff claims that at 06:47:23, before she fell, the video recording shows that a Defendant's employee with a yellow rag in hand approaches the area where the drippings spilled on the floor but fails to clean up or block off the spill. However, the Court's review of the record evidence does not show that the individual is in fact Defendant's employee. At 06:47:23 the referenced individual is only shown partially in the videoframe such that the identity of the individual is not ascertainable. Plaintiff provides no other support for her claim that the individual is Defendant's employee. In any event it cannot be determined from the recording whether the partially shown individual saw the drippings on the floor. Thus, Plaintiff has not established that this individual was a Defendant's employee who saw the drippings and had actual knowledge of the dangerous condition.

Second, Plaintiff claims that at 6:48:04 a hand from another employee can be seen pointing to the spill from a neighboring aisle. A review of the record evidence, however, shows only an individual's hand reaching over from the neighboring aisle in the vicinity of the candies that are stocked on shelves near the self-checkout register where the drippings spilled on the floor. No other part of the person to whom the hand belongs is in the videoframe. Again, it cannot be ascertained to whom the hand belongs, and it cannot be determined from the recording whether the hand is pointing toward the drippings on the floor or whether the person to whom the hand belongs saw the drippings on the floor. Again, Plaintiff has not established that the individual to whom the hand belongs was Defendant's employee who saw the drippings and thus had actual knowledge of the dangerous condition.

Third, Plaintiff argues that at 06:49:22 in the recording, Defendant's employee can be seen approaching Plaintiff seconds before she falls. Plaintiff claims that as the employee approaches her, the employee waves a towel at her causing her to step back, slip, and fall. Plaintiff claims that the fact that the employee approached Plaintiff and the area with a towel in hand means it can be inferred that the employee knew of the dangerous condition on the floor. Plaintiff claims that instead of cordoning off the area to prevent Plaintiff from having access to the dangerous condition, Defendant's employees allowed the hazard to remain, and this is what caused Plaintiff's fall and injuries. In reply, Defendant maintains that even if the employee who approached Plaintiff had notice of the spill, there is no record evidence that the employee had notice of the spill before she enters the recording videoframe three seconds before Plaintiff falls. Defendant argues that three seconds is not enough time within which Defendant could have had reasonable time to address the dangerous condition.

Under Florida law, even when a premises owner has actual notice of the dangerous condition, to be liable for actual notice the owner must have "sufficient opportunity to correct the dangerous condition." *Gaidymowicz v. Winn-Dixie Stores*, 371 So. 2d 212, 214 (Fla. 3d DCA 1979); *cf. Waters v. Winn-Dixie Stores, Inc.*, 146 So.2d 577 (Fla. 2d DCA 1962); *Publix Super Markets, Inc. v. Heiser*, 156 So.2d 540 (Fla. 2d DCA 1963). Defendant relies on a string of authority in which the appellate courts ruled that although the respective premises owners had actual or constructive knowledge of the hazard, the premises owners did not have enough time within which to remedy the condition. *See, e.g. Dominguez v. Publix Super Mkts., Inc.*, 187 So. 3d 892, 893 (Fla. 3d DCA 2016) (reversing the order denying directed verdict for the premises owner and finding that the period of actual notice and Plaintiff's fall was only thirteen seconds); *Gaidymowicz*, 371 So. 2d at 214 (affirming directed verdict for the premises owner and holding

that "with only one minute actual notice, Winn-Dixie did not have a sufficient opportunity to correct the dangerous condition and, therefore, could not be liable on the basis of actual notice.");

Viewing the facts in the light most favorable to Plaintiff means that Plaintiff has shown from the circumstantial evidence of the employee was yelling at Plaintiff from far away, was running toward Plaintiff with what appeared to be white paper towels in hand and was warning Plaintiff of some type of danger just before Plaintiff's fall, that Defendant had actual knowledge of the drippings on the floor.  However, because, as discussed above, the first two persons Plaintiff identities on the recording of the video surveillance at 06:47:23 and 06:48:04 are not established by the record evidence to be Defendant's employees who had knowledge of the spill, the question as to whether Defendant had sufficient opportunity to warn Plaintiff of, or to exclude Plaintiff from, the danger rests on the actual knowledge of the third employee.  Defendant argues that the record evidence at best shows that this third employee had notice of the condition at 06:49:22, three seconds before Plaintiff fell.  Florida courts have found that one minute of actual notice was inadequate to warn of, or exclude a plaintiff from, the dangerous condition; thus, three seconds would also be an insufficient amount of time for Defendant to warn or exclude Plaintiff.  *See Dominguez*, 187 So. 3d at 893; *Gaidymowicz*, 371 So. 2d at 214.

The burden shifts to Plaintiff to prove beyond a mere scintilla of evidence that an issue remains for determination by a jury.  That is that the third employee had more notice than the point at which the third employee approached Plaintiff.  However, Plaintiff does not point to any other record evidence beside the point at which the employee approaches her at 06:49:22, three seconds before her fall.  Consequently, and based on the foregoing, Plaintiff has not met her burden and Defendant's motion must be granted as to Defendant's actual knowledge of the dangerous

condition and any concomitant duty to either warn or exclude Plaintiff from the dangerous condition.

      **B.**    **Constructive Knowledge**

Plaintiff has indicated that "the issue of establishing constructive knowledge . . . is not at issue in this case as the video and Plaintiff's testimony shows that Defendant had actual knowledge of the slippery substance on the floor." (Pl's Resp. at 15.) Because Plaintiff concedes that she is not pursuing a theory of constructive knowledge of the dangerous condition in this case, there is no issue of material fact, and thus Defendant's Motion is granted as to the question of constructive knowledge. Accordingly, it is

**ORDERED** that:

1. Defendants' Motion for Summary Judgment [DE 42] is **GRANTED**.
2. A separate judgment will be entered.
3. All pending motions are **DENIED as moot**.
4. This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of January, 2023.

                                                   RODNEY SMITH
                                                   UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record